### In re CAMMER.
### Misc. No. 11–54.

United States District Court
District of Columbia.
June 15, 1954.

Leo A. Rover, U. S. Atty., Oliver Gasch, Principal Asst. U. S. Atty., Washington, D. C., for petitioner.

Charles E. Ford, Washington, D. C., for respondent.

LAWS, Chief Judge.

■ Before the oral hearing of this case, the Court gave study to the briefs filed by counsel. It also listened attentively to arguments of counsel at the hearing. Nothing has changed its understanding that whenever a case is pending before judge or jury, no pressure or harassment of any character should be exercised on one who must make a decision. Unfortunately within late years there has been a tendency to bring such pressures and harassment. For a time, there was picketing of courts during trials. Then there came about unseemly conduct of counsel in court, requiring disciplining of counsel. Now it appears searching questionnaires have been submitted to grand jurors while they are considering certain types of cases.

It has never occurred to me a lawyer would not know the evil of such practices. In the case now before the Court, it has been argued that counsel for one indicted wished to ascertain whether certain grand jurors were biased; that this Court had allowed only thirty days for this purpose; and timely action had to be taken. But if suggestion had been made to the Court there was reasonable indication of partiality of grand jurors, but due to pendency of similar charges before these jurors the investigation could not then be explored, the Court, if convinced of good faith, unquestionably would have postponed the time for filing motions until all indictments were filed and opportunity to ascertain the status of jurors had been afforded.

■ There is a decided difference between questioning jurors after they have concluded their services and questioning jurors when they are actively hearing or considering a case. To harass them by challenging and lengthy questions while they are deliberating or about to consider cases is intolerable. A timid juror will not fail to be disturbed, possibly influenced. A stalwart juror at least will be disturbed. Such an approach impinges freedom of thought and decision. Jurors will not serve competently if so harassed.

■ While the Court finds there is no question as to the impropriety of

what respondent has done, it is not without doubt, on the record before the Court, as to whether respondent's acts were committed in conscious wrong. There seems to be reason to believe respondent may have misconceived the proprieties. What he did was open. There was no opprobrious personal approach to jurors. There is indication respondent may have believed he had a right to propound the questions at the time he did, notwithstanding this Court is of opinion he had not. Under these circumstances, in the absence of a positive declaration by the Court, it may be unjust to punish respondent severely as otherwise would be required. Granting respondent all favorable inferences, his acts clearly disregarded the protection which must be vouchsafed jurors. The Court finds him guilty of contempt and imposes a fine of $100.